**Per Grimm STORLI, Plaintiff— Appellant,**

v.

Annette HOLLIDAY; Jim Browder; Don Gullickson; Flathead County, Montana; Lance Vitt; Greg Burns; Wade Rademacher; City of Kalispell, Montana, Defendants—Appellees.

**Per Grimm Storli, Plaintiff,**

**and**

**Matthew J. Sisler, Esq., Appellant,**

v.

Annette Holliday; Jim Browder; Don Gullickson; Flathead County, Montana; Lance Vitt; Greg Burns; Wade Rademacher; City of Kalispell, Montana, Defendants—Appellees.

No. 00–36104, 01–36046.
D.C. No. CV–99–00092–DWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2002.

Decided June 13, 2002.

Before BRUNETTI, TROTT, and McKEOWN, Circuit Judges.

### MEMORANDUM *

Per Grimm Storli appeals from the district court's orders granting summary judgment in favor of the Flathead Defendants on several of the claims asserted in Storli's complaint and entering judgment as a matter of law in favor of the Kalispell Defendants on another claim. Separately, Storli's attorney, Matthew J. Sisler, appeals from the district court's orders imposing monetary sanctions against him pursuant to 28 U.S.C. § 1927 and the court's inherent authority. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Storli argues that the district court erred in granting summary judgment in the Flathead Defendants' favor on their qualified immunity defense to his Fourth Amendment claim. Under *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), we first determine whether "the facts alleged [by the plaintiff] show ... the [officers'] conduct violated a constitutional right." *Id.* at 201. Here, the Flathead Defendants observed a confidential informant, Lance Vitt, enter Storli's residence with $140 in marked bills and exit with a small quantity of methamphetamine and $40 of the original cash. From those observations, the officers could have readily deduced that Storli sold the narcotics to Vitt, thereby giving rise to probable cause to charge him, *see Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1498 (9th Cir.1996), and, necessarily, a viable qualified immunity defense.

Next, Storli argues that the district court erred in granting summary judgment on Storli's claim that Vitt violated the Fourth Amendment during the sting operation. Based on our review of the record, we conclude that there are no genuine issues of material fact regarding Vitt's actions, all of which appear to have been entirely appropriate within the context of his role as a confidential informant.

Storli further argues that the district court erred in granting judgment as a matter of law on his claim that Wade Rademacher acted negligently by failing to intervene timely to prevent his partner, Greg Burns, from injuring Storli during a confrontation. Under Montana law, a law enforcement officer does not have a legal duty to a member of the general public unless a "special relationship" exists between the individuals, such as when an officer has a suspect within his custody. *See Nelson v. Driscoll*, 295 Mont. 363, 983 P.2d 972, 977–79 (Mont.1999). Here, the record indicates that Storli was never within Rademacher's control during the course of Storli's brief encounter with

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Burns, which lasted no longer than a few seconds. Rademacher, therefore, did not have a duty to protect Storli, nor could he reasonably have done so within such a short time period. Accordingly, the district court did not err in granting judgment as a matter of law on this claim.

Storli argues that the district court abused its discretion by submitting a special verdict form to the jury that contained questions about both excessive force and Burns' qualified immunity defense. He also complains about the order of the questions. He did not, however, raise these arguments in the district court, and we therefore decline to consider them. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

█ As for the sanctions orders entered against Sisler, he first argues that the district court erred in failing to conduct an oral hearing on the various sanctions motions pending against him. We have held, however, that the district court need only ensure that an attorney who is potentially subject to a sanctions order has an opportunity to respond in writing to the allegations lodged against him. *See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118 (9th Cir. 2000). Here, Sisler filed several responses to the sanctions motions and therefore availed himself of his due process right to challenge the defendants' various contentions.[1]

Sisler also argues that the district court erred in imposing sanctions pursuant to 28 U.S.C. § 1927 because his purported misconduct did not "multiply" the proceedings as is required to support sanctions under that statute.[2] We conclude that the court did not abuse its discretion because several of its factual findings, including those concerning Sisler's intransigence about preparing the joint pretrial order and his disregard of the district court's rules regarding trial exhibits (findings which were not clearly erroneous), support a determination that Sisler unduly multiplied the proceedings through his misconduct.

Sisler further argues that his repeated pattern of misconduct was mere negligence on his part, which is insufficient to sustain sanctions under either § 1927 or the district court's inherent authority. We disagree. The district court did not abuse its discretion in holding that Sisler's conduct was reckless and undertaken in bad faith.

**AFFIRMED.**

---

1. Sisler also argues that the district court violated his due process rights because it sanctioned him based on the Kalispell Defendants' motion that, purportedly, lacked adequate citations to the trial record. This argument lacks merit. The Kalispell Defendants' motion was specific enough to permit Sisler to be on notice as to those instances of misconduct for which the defendants sought sanctions.

2. To the extent that Sisler argues that the district court's decision to "fine" him $10,000 for his misconduct was improper because the order lacked a concomitant multiplicity finding, we note that the court need not make such a finding for purposes of its inherent authority to regulate attorney misconduct. *See generally Fink v. Gomez,* 239 F.3d 989, 991–92 (9th Cir.2001).